UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
RICHARD PORTER,                                    Index No. 12-CV-0285(FB) (CLP)

            Plaintiff,                            **FIRST AMENDED COMPLAINT**

  -against-                                          **JURY DEMAND**

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL ALFIERI, (SHIELD # 14875) (TAX
# 942938), POLICE OFFICER ALEX TORO,
(SHIELD # 27242) and POLICE OFFICERS
"JOHN DOE 1-5",
(whose names and shield #s are unknown),

            Defendants.
-------------------------------------------------------------x

    Plaintiff, by his attorney, Ike Dibia, Esq., complaining of the Defendants, The City of New York, Police Officer Alfieri, Police Officer Toro, and Police Officers "John Doe 1-5", upon information and belief alleges as follows:

## **INTRODUCTION**

    1. This is an action at law to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to the Plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985].

    2. Plaintiff seeks monetary damages for: use of excessive and unnecessary force against Plaintiff, Richard Porter, and otherwise, for the violation of Plaintiff's federally guaranteed constitutional and civil rights. Plaintiff seeks whatever other relief is appropriate and necessary in order to serve the interest of justice and assure that his remedy is full and complete.

## JURISDICTION

3. The jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343[3] and [4] in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and under the Fourth and Fourteenth Amendments to the United States Constitution.

4. Jurisdiction is also invoked pursuant to and under 28 U.S.C. Section 1367, entitled Supplemental Pendent Party Jurisdiction.

5. Plaintiff requests that the Court invoke pendent jurisdiction over any and all claims arising under the laws and Constitution of the State of New York.

6. The State law claims have a common nucleus of operative facts with the federally based claims and they arise out of the same transaction(s) and occurrence(s) giving rise to the Plaintiff's federally based claims and causes of action.

7. Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which Plaintiff, while seeking monetary damages, also seeks declaratory and injunctive relief if such is deemed necessary and desirable and in the interest of justice in order to provide Plaintiff with a full and complete remedy for the violation of his rights.

## PARTIES

8. Plaintiff, a black male of full age, is a resident of the City of New York, County of Richmond and State of New York.

9. The City of New York is a municipal entity existing under the laws and Constitution of the State of New York and was the employer of the Defendant Police Officers through its Police Department, the New York City Police Department, (hereinafter "NYPD") and the actions

of the Police Officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

10. At all times herein, individual Defendants' Police Officer Alfieri (Shield #14875) (Tax # 942938), Police Officer Toro (Shield #27242) and "John Doe's 1-5" were employed as Police Officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and the State of New York. The Defendant Police Officers were the servants, agents, and employees of their co-Defendant, the City of New York. Notwithstanding the wrongful and illegal nature of their acts and conduct as hereinafter described, they were taken in and during the course of their duties and functions as New York City Police Officers and incidental to the otherwise lawful performance of the same.

11. All conditions precedent to filing of this action have been complied with; on May 31, 2011, within ninety days after the claim alleged in this complaint arose, a written notice of claim, sworn to by the Plaintiff, was served upon the Defendant City of New York by mail of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the Supreme Court. On August 3, 2011, within ninety days after the claim alleged in this complaint arose, an amended written notice of claim, sworn to by the Plaintiff, was served upon the Defendant City of New York by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the Supreme Court. The said Notice of Claim was assigned claim number 2011PI022654.

12. At least thirty days have elapsed since the service of the notice of claim, and

adjustment or payment of the claim has been neglected or refused.

13. This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## FACTS COMMON TO ALL CAUSES OF ACTION

14. On or about May 18, 2011, at approximately 9:00 p.m., Defendant Police Officers were on duty and were acting within the scope of their authority as Police Officers for Defendant City of New York and in furtherance of the business of the City of New York.

15. On the date and time aforesaid, Plaintiff, was a passenger on a MTA New York City Bus ("Bus"), on Richmond Terrace, at or close to its intersection with Wall Street in the County of Richmond, City of New York.

16. While he was attempting to walk to the front of the bus from the rear, he was pushed to the floor by a fellow passenger and then fell to the floor. He was then restrained against his will by the same passenger for approximately fifteen minutes.

17. Police Officer Alfieri or Police Officer Toro then boarded the bus, grabbed and lifted Plaintiff, and then pulled him off the bus onto Richmond Terrace.

18. Police Officer Alfieri or Police Officer Toro then violently threw Plaintiff onto the hood of a motor vehicle parked on Richmond Terrace, then struck Plaintiff on his face. Police Officer Alfieri or Police Officer Toro then struck Plaintiff again on his nose and other parts of his face with his fists.

19. While Police Officer Alfieri or Police Officer Toro was placing handcuffs on Plaintiff and after Plaintiff had been handcuffed, Police Officers "John Doe's 1-5" struck Plaintiff on the head and face with their fists several times.

20. Plaintiff was also struck on the head, buttocks and back causing severe injuries to Plaintiff.

21. Plaintiff was handcuffed and arrested, and thereafter, transported in handcuffs to the 120th Police Precinct where he was later fingerprinted, searched, photographed and locked in a police cell. Plaintiff was struck several times by the Officers on his head, back, abdomen, hands and arms while he was being transported causing severe injuries,

22. After Plaintiff arrived at the 120th Precinct, Plaintiff was violently thrown onto the floor where he was struck all over his body by Police Officers' Alfieri, Toro and "John Doe's 1-5" causing severe injuries. Police Officer "John Doe #5" also sprayed mace into Plaintiff's face.

23. Plaintiff was later taken to Central Booking and then charged with the following offenses: Criminal Possession of a Weapon 4th degree; Resisting Arrest; Attempted Assault 3rd degree.

24. That the Plaintiff was subsequently arraigned before a judge in Criminal Court of the City of New York, County of Richmond.

25. Plaintiff was subsequently placed in the custody of the City of New York Department of Correction and transported to the Riker's Island Detention Complex OBCC Facility.

26. That on or about August 24, 2011, the case against the Plaintiff was dismissed.

27. As a result of the assault on Plaintiff, he suffered a fracture to his nasal bones, severe bruises and contusions to his head, a hand sprain, bruises and contusions to his neck and back, and other injuries.

28. At the time of his arrest and detention, Plaintiff was lawfully traveling on a bus.

29. Plaintiff was assaulted, battered, and subjected to excessive and unnecessary force.

30. Plaintiff suffered physical injuries, including injury to his nose, head and hand. Moreover, Plaintiff suffered emotional distress and mental anguish and psychological trauma as a consequence of the assault and battery by Defendant Officers.

31. Plaintiff suffered violations of his federally guaranteed constitutional and civil rights including rights guaranteed to him under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

32. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers including the Defendants in this case, for the violations of the constitutional rights of citizens, thereby causing Police Officers including Defendants in this case, to engage in unlawful conduct.

33. Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline Police Officers including the Defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other Police Officers thereby causing and encouraging Police Officers including Defendants in this case, to engage in unlawful conduct

34. The actions taken against Plaintiff by the Defendant Officers herein were also propelled by a policy and practice of the City of New York which promotes an "ends justifies the means" philosophy of combating crime which causes Officers to arrest individuals, particularly blacks, and to subject such individuals to excessive force, assault and battery. The said policy and practice falls disproportionately on persons of color.

35. These policies and practices violate the rights of the Plaintiff under federal law including the Fourth and Fourteenth Amendments to the United States Constitution and the Civil

Rights Act of 1871, 42 U.S.C. Section 1983.

36. The policies and practices complained of herein also violate the rights of Plaintiff under the Constitution and laws of the City and State of New York.

37. The actions and conduct of the Officers and the policies and practices of the City of New York were negligent and the proximate cause of damages to the Plaintiff.

38. The Defendant Officers acted together and in concert sanctioning and ratifying and otherwise condoning the wrongful actions being taken by each of the Defendant Officers in a collective manner and fashion.

39. The Plaintiff has no other adequate remedy at law but for this action.

## AND AS FOR A FIRST CAUSE OF ACTION

40. Plaintiff reiterates paragraphs 1 through 41 and incorporates same by reference herein.

41. Defendant Police Officers Alfieri, Toro and "John Doe's 1-5" brutally and savagely attacked Plaintiff and used excessive force before, during, and after arresting Plaintiff thereby causing Plaintiff to suffer serious physical injuries. The assault was carried out maliciously and sadistically for the very purpose of causing harm and not in good faith to maintain or restore order, in violation of Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable, and unnecessary and wanton use of force. By violating Plaintiff's constitutional rights under color of State Law, the Defendant Police Officers violated the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

42. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

7

43. This action falls within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR A SECOND CAUSE OF ACTION

44. Plaintiff reiterates paragraphs 1 through 45 and incorporates same by reference herein.

45. Defendant Police Officers Alfieri and "John Doe's 1-5" brutally and savagely assaulted and battered Plaintiff causing him serious injuries, in violation of the Common Law. The assault and battery was willful, unlawful, unwarranted, and intentional and was carried out using excessive and unnecessary force.

46. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

47. This action falls within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR A THIRD CAUSE OF ACTION

48. Plaintiff reiterates paragraphs 1 through 49 and incorporates same by reference herein.

49. By using excessive force, and assaulting him, the Defendant Officers, deprived Plaintiff of rights, remedies, privileges and immunities guaranteed to every citizen of New York by the New York State Constitution.

50. In addition, the Defendant Officers conspired among themselves to deprive Plaintiff of his constitutional rights secured by the New York State Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

8

51. The Defendant Officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD Officers. Such acts by Defendant Officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said Defendants acted willfully, knowingly, and with the specific intent to deprive the Plaintiff of his constitutional rights secured by the New York State Constitution.

52. Defendants, their Officers, attorneys, agents, servants and employees were responsible for deprivation of Plaintiff's State Constitutional rights. Defendant City, as employer of each of the Defendant Officers, is responsible for their wrongdoing under the common law doctrine of *respondeat superior.*

53. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

54. This action falls within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR A FOURTH CAUSE OF ACTION

55. Plaintiff reiterates paragraphs 1 through 56 and incorporates same by reference herein.

56. Defendants Police Officers were acting as agents of Defendant City of New York (through its Police Department) when they assaulted, battered, and subjected Plaintiff to excessive and unnecessary force. Therefore, under the common law principal/agent *respondeat superior* rule, Defendant City of New York is jointly and severally liable with Defendant Police

Officers for the general and specific damages sustained by Plaintiff, as well as for the attorneys' fees and the costs and disbursements of the action.

57. As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damage herein before stated.

58. This action falls within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR A FIFTH CAUSE OF ACTION

59. Plaintiff reiterates paragraphs 1 through 70 and incorporates such by reference herein.

60. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to Plaintiff to prevent the physical and mental abuse sustained by Plaintiff.

61. Upon information and belief, Defendant City of New York, through the NYPD, owed a duty of care to the Plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to Plaintiff or to those in like situation would probable result from this conduct.

62. The Defendant City of New York knew or should have known through the exercise of reasonable diligence that the Defendant Officers were not prudent and were potentially dangerous.

63. As a direct and proximate result of the negligence of the Defendant City of New York in hiring and retaining the Defendant Officers, Plaintiff sustained the damage hereinbefore stated.

64. This action fall within one or more of the exceptions of the New York State Civil Practice Laws and Rules Section 1602.

## AND AS FOR A SIXTH CAUSE OF ACTION

65. Plaintiff reiterates paragraphs 1 through 76 and incorporates such by reference herein.

66. The violations of Plaintiff's constitutional rights and of Federal Law alleged in Plaintiff's First and Second Causes of Action by Defendant Officers', were carried out under the following policies, customs, and practices of Defendant City:

 i. Failing to take proper corrective and punitive actions against overreaching Police Officers and creating the impression that crime reduction is paramount and triumphs over constitutional rights in all circumstances.

67. Under 42 U.S.C. § 1983, Defendant City is jointly and severally liable with Defendant Officers for the general and specific damages Plaintiff sustained, as well as for the attorneys' fees and the costs and disbursements of the action.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff prays the Court for judgment as follows:

1. For compensatory damages against each defendant in an amount to be proven at trial.
2. For exemplary and punitive damages against each defendant in an amount to be proven at trial.
3. For costs of suit herein, including the plaintiff's reasonable attorney's fees; and
4. For such other relief as the court deems just and proper.

Dated: Brooklyn, New York
   August 6, 2012

        /s/
Ike Dibia, Esq. (ID-5305)
Attorney for the Plaintiff
767 Franklin Avenue, Ground Floor
Brooklyn, N.Y. 11238
(718) 230-1517